J-S34021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME BURNAM | |
| Appellant | No. 1674 WDA 2017 |

Appeal from the PCRA Order entered October 11, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0013518-1988;
CP-02-CR-0001399-1989

BEFORE:  BOWES, STABILE, AND STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:   **FILED AUGUST 23, 2018**

Appellant, Jerome Burnam, appeals from the October 11, 2017 order entered in the Court of Common Pleas of Allegheny County, denying as untimely his sixth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

In a memorandum opinion issued on appeal from dismissal of an earlier PCRA petition, this Court provided the following factual and procedural background:

> Appellant brutally stabbed a 68 year old woman to death in order to rob her apartment.  Before succumbing to more than eight stab

_____

[*] Retired Senior Judge assigned to the Superior Court.

wounds, the victim wrote Appellant's name in blood on a bed sheet, and verbally identified him as her attacker.

Appellant pleaded guilty to second degree murder and robbery and was sentenced to a mandatory term of life imprisonment on June 29, 1989, but that sentence was later vacated by the Superior Court and the case was remanded for a new trial. Appellant then pleaded guilty to the general charge of criminal homicide with the court to determine the degree of guilt, and waived his right to a jury trial on the robbery charge. He was subsequently found guilty of first degree murder and robbery, and sentenced to death. Following the filing of numerous post trial motions, which were properly treated as requests for relief under the PCRA, Appellant's death sentence was subsequently vacated, but all other relief was denied. On December 7, 1998, Appellant was again sentenced to life imprisonment.

On November 15, 1999, Appellant requested the right to appeal *nunc pro tunc*. The Commonwealth did not oppose reinstatement of appellate rights, but noted that the petition should be considered a PCRA petition. Appellant was granted permission to appeal, and in addressing the matter the Superior Court noted that instead of hearing the merits of Appellant's request to appeal *nunc pro tunc*, the trial court should have treated the pleading as an untimely second PCRA petition. Despite this procedural irregularity, the Superior Court nevertheless affirmed Appellant's sentence.

Appellant then filed a third request for PCRA relief, which was denied via order filed June 23, 2005, and that denial was affirmed on direct appeal. A petition for writ of habeas corpus was subsequently filed and denied, its denial was affirmed on direct appeal, and the Pennsylvania Supreme Court denied review.

. . . Appellant's fourth PCRA petition was filed *pro se* on March 8, 2012. Following the filing of a Notice of Intention to Dismiss on April 9, 2012, the petition was denied on June 1, 2012. Appellant appealed to this Court, and was directed to file a Pa.R.A.P. 1925(b) Statement via order dated, filed and docketed on October 26, 2012, and served on Appellant by certified mail, return receipt requested on October 30, 2012. Thus, in order to be timely filed, Appellant needed to mail his 1925(b) Statement by Friday, November 16, 2012. No statement was received by the lower court, however, and on December 31, 2012, the lower court noted

its absence and ordered the certified record to be transmitted to the Superior Court.

On January 11, 2013, a document was filed with the lower court titled "Resubmit – Concise Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b)." Although the document is accompanied by a "Proof of Service" page asserting that it was served on the Criminal Division, Department of Court Records, Allegheny County, on November 18, 2012,[] the certified record and docket sheet do not reflect such service. We also note that the proof of service page states only that the 1925(b) Statement was served on the Criminal Division of the Department of Court records, and makes no mention that Appellant complied with the requirement that the statement also be served on the trial judge pursuant to Pa.R.A.P. 1925(b)(1). In light of the fact that a timely Rule 1925(b) statement was not received prior to the transferal of the certified record from the lower court, no responsive Rule 1925(a) Opinion was filed by the trial judge.

**Commonwealth v. Burnam**, No. 1544 WDA 2015, unpublished memorandum, at 1-3 (Pa. Super. filed July 14, 2016) (brackets omitted) (quoting **Commonwealth v. Burnam**, 82 A.3d 1064 (Pa. Super. filed July 12, 2013) (unpublished memorandum) (footnotes omitted).

In this Court's 2016 decision, the panel quashed the untimely-filed appeal from the PCRA court's dismissal of Appellant's December 2014 "Petition for Writ of Habeas Corpus ad Subjiciendum," which the court treated as an untimely PCRA petition, Appellant's fifth. Appellant filed the instant petition, styled "Petition for Writ of Mandamus and/or Extraordinary Relief," on June 26, 2017. In the petition, Appellant asserted that the sentencing court failed to issue "Resentencing Transcripts and Opinion." Petition, 6/26/17, at 2 (unnumbered). The court again treated the petition as a PCRA petition. After issuing a Pa.R.Crim.P. 907 notice of intent to dismiss the petition as untimely,

the court dismissed the petition by order entered on October 11, 2017, noting that the reasons for its ruling were set forth in its August 30, 2017 Rule 907 notice. This timely appeal followed. The PCRA court did not order a Rule 1925(b) statement.

In **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008), our Supreme Court stated:

> Our standard of review of the denial of PCRA relief is clear: we are "limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1251 (Pa. 2006). We note that a second or subsequent petition must present a strong prima facie showing that a miscarriage of justice may have occurred. **Commonwealth v. Carpenter**, 555 Pa. 434, 725 A.2d 154, 160 (1999). Finally, the petition must be timely, as the Act's timeliness restrictions are jurisdictional in nature and are to be strictly construed. **Commonwealth v. Abu–Jamal**, 596 Pa. 219, 941 A.2d 1263, 1267–68 (2008).

**Id.** at 309.

Appellant asks us to consider two issues in this appeal:

I.      Whether the court committed errors of law when petition for writ of mandamus and/or extraordinary relief sought production of resentencing transcript and opinion was misnomered [*sic*] as PCRA and adjudicated.

II.     Whether the court committed errors of law by failure to resolve writ of mandamus facts in dispute of rights to requested relief for sentence transcripts and opinion when procedent [*sic*] establishes duty to be provided.

Appellant's Brief at 1 (unnecessary capitalization and punctuation omitted). However, before we can consider either of his issues, we must ascertain whether we have jurisdiction to do so.

As noted above, on November 15, 1999, Appellant requested the right to appeal *nunc pro tunc* from the imposition of his December 7, 1998 sentence of life imprisonment. On January 23, 2004, this Court issued a memorandum opinion affirming the December 7, 1998 judgment of sentence.[1] ***Commonwealth v. Burnam***, 847 A.2d 755, No. 491 WDA 2000 (unpublished memorandum) (Pa. Super. filed January 23, 2004). Our Supreme Court denied Appellant's petition for allowance of appeal on October 25, 2004.[2] Appellant did not seek review from the United States Supreme Court. Therefore, Appellant's judgment of sentence was final on January 23, 2005, 90 days after our Supreme Court denied allocatur, and he had until January 23, 2006 to file a timely petition for collateral review.

The instant petition was filed on June 26, 2017, more than ten years after Appellant's judgment of sentence became final. Therefore, his petition is patently untimely and we may not consider it unless Appellant has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the

---

[1] Although the panel entertained the idea that the November 15, 1999 motion seeking an appeal *nunc pro tunc* could have been treated as an untimely second PCRA petition, the panel nevertheless considered the merits of Appellant's appeal and affirmed his judgment of sentence.

[2] Appellant's petition for allowance of appeal was denied by *per curiam* order issued on October 25, 2004. ***See*** Supreme Court Docket No. 49 WM 2004.

- 5 -

[PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Stokes***, 959 A.2d at 310 (consideration of ***Brady*** claim separate from consideration of its timeliness).

Appellant has not suggested that an exception to the PCRA's timeliness requirements exists. He simply contends his petition is not a PCRA petition and is not subject to the PCRA's time bar. He argues the PCRA court erred by failing to address his rights to his "requested relief for sentence transcripts and [an] opinion." Appellant's Brief at 1. We reject his contentions, just as the panel did in his previous appeal, explaining:

> Appellant's December 2014 petition challenged the legality of his sentence premised on the trial court's failure to provide a written opinion for the sentence of life in prison and on an unlawfully induced plea. Thus, we would conclude that the PCRA court did not err in treating the December 2014 petition as a PCRA petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2014) (stating that issues cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition).

***Commonwealth v. Burnam***, 154 A.3d 856, No. 1544 WDA 2015 (Pa. Super. filed July 14, 2016) (unpublished memorandum at 6 n.2) (citation omitted).

In his petition, Appellant claims that his re-sentencing violated his constitutional rights to appeal because the trial judge "has failed to file an [*sic*] 'Re-sentencing Transcript' and 'Opinion' of the decision that was render[ed] in this case on December 7, 1998." Petition for Writ of Mandamus and/or Extraordinary Relief, 6/26/17, at 2 (unnumbered). As such, his claim falls clearly within the eligibility provisions for PCRA relief, *i.e.*, for a "conviction or sentence result[ing] from one or more of the following: . . . [t]he improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court." 42 Pa.C.S.A § 9543(a)(2)(iv). Appellant's insistence that his petition falls outside the PCRA is without merit.

We find the PCRA court's factual findings are supported by the record. Further, we find no error in treating the June 2017 petition as a PCRA petition. ***See Taylor, supra***.

The PCRA court correctly concluded Appellant's petition was untimely filed and is barred by the PCRA's timeliness requirements. Therefore, we affirm the October 11, 2017 order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

_____

- 7 -

Joseph D. Seletyn, Esq.
Prothonotary


Date:  <u>8/23/2018</u>